## No. 4337.

### Court of Appeal, Parish of Orleans.

## ALGIERS AND GRETNA RAILWAY CO. VS. MRS. ELLA MILLS.

The defendant, as surety, having obligated herself in solido with the lessee of the property and franchises of the plaintiff railroad company "to run said railroad at her own expense, and to pay all damages which may be occasioned by the running of said railroad or by the condition of said track, and defend all suits that may be brought against said road and to pay all legal expenses, including attorney's fees which may be occasioned by the running and operation of said road," she was entitled, under the terms of the contract, when a suit for damages was instituted against said leased railroad, to have such suit defended by counsel of her own selection, and when it is further shown that she was ever ready and willing to defend such suit and that her attorney did appear in Court and urged defenses throughuot a long litigation which ultimately brought about a favorable termination of the suit, the plaintiff company, which under the terms and conditions of the lease was held free of all responsibility for damage recovered, legal expenses and attorney's fees, cannot be heard to claim fees for its own attorney which it persisted in keeping in the case against the wishes and protest of defendant.

Appeal from Civil District Court, Division "E."

McCloskey & Benedict, Wm. C. McLeod, for Plaintiff and Appellee.

Rice & Mcntgomery, for Defendant and Appellant.

ESTOPINAL, J.  In the early part of the year 1899 Anthony Rouprich became the lessee of the property and franchises of the Algiers and Gretna Railway Company, binding himself under the terms of the contract of lease:

"To run said Railroad at his own expense, and to pay all damages which may be occasioned by the running of said railroad or by the condition of said track, and defend all suits that may be brought aginst said road, and to pay all legal expenses, including attorney's fees, which may be occasioned by the running and operation of said road."

"Mrs. Ella Mills, the defendant in the present suit, intervened in the contract, and obligated herself with Anthony Roup-

rich in solido, for the faithful performance of this contract and all the conditions and obligations assumed by him."

The plaintiff's petition recites: "That subsequent to the making of this lease, the said Anthony Rouprich and Mrs. Ella Mills transferred their rights and property used for the purpose of running and operating said road, to a corporation known as the "Jefferson Railway Company," composed principally, if not entirely, of themselves as stockholders, but that this transfer in no wise relieved the said Mrs. Ella Mills or Anthony Rouprich of the obligations they assumed in the contract of Jan. 23, 1899."

Pliantiff then avers "that on Dec. 27, 1907, a child named Muntz, was run over and killed by one of the cars which was being operated by the lessee. George Muntz, the father of the child, thereafter instued suit against the Algiers & Gretna Railway Company in solido, for damages in the sum of fifteen thousand dollars ($15,000), lodging same in the Civil District Court for the Parish of Orleans, and numbered 67124 of the docket of that Court."

Plaintiff further avers: "That the Jefferson Railway Company excepted to the jurisdiction of the Court (Civil District Court for the Parish of Orleans), and was dismissed from said proceedings, which it refused to defend; that thereafter it (plaintiff herein) filed an exception of no cause of action to said damage suit, which exception was maintained in the Civil District Court, but was overruled on appeal tot he Supreme Court; that after this decision of the Supreme Court it called in warranty the said Mrs. Ella Mills, and that she and the other persons called in warranty excepted to this call in warranty, and that it (plaintiff), was compelled to prosecute the matter to the Supreme Court in order to preserve its rights against Mrs. Ella Mills and the others called in warranty, that after the Supreme Court rendered judgment in favor of plaintiff, compelling Mrs. Ella Mills and her co-obligees to answer the call in warranty, it was still necessary for it (plaintiff herein), to defend the said damage suit upon its merits."

Plaintiff then avers that it was necessary for it to pay out various sums by way of costs, which it is entitled to recover from the said Mrs. Ella Mills, by virtue of the contract of lease already referred to, including such costs as it was obligated to pay plaintiff in the Muntz damage suit in consequence of the first

appeal in the cause (Exception of no cause of action), which appeal was decided in his (Muntz's) favor.

Plaintiff finally avers that it was necessary for it to employ an attorney to represent it in the various proceedings taken in the damage suit instituted against it, and is entitled to recover from the defndant the fee of said attorney.

Plaintiff prays for the costs of Court expended by it amounting to two hundred and seventy-eight dollars and five cents ($278.05) less thirty-three dollars ($33.00) paid by defendant, and one thousand five hundred $1,500.00) as attorney's fees, a total of one thousand seven hundred and forty-five dollars and five cents ($1,745.05).

Defendant in her answer averred the dismissal of the Muntz suit in the Civil District Court as to the Jefferson Railway Company, on an exception of want of jurisdiction and the successful defense on the merits of a like suit brought by Muntz against the Jefferson Railway at its domicile in the Parish of Jefferson ; that at all times both Anthony Rouprich and the defendant herein were ready and willing, and shortly after the Muntz damage suit was brought, did appear and make tender to defend the Algiers and Gretna Railway Company in said suit, *and would have done so had they been permitted so to do by the plaintiff herein;* that plaintiff insisted on defending said cause through its own counsel, notwithstanding the offers to defend by defendant." Defendant proceeds in her answer to point out certain proceedings and pleas urged in the trial Court by plaintiff and set aside by the Supreme Court, all of which entailed costs and attorney's fees, to which proceedings she nowise consented and is in no respect responsible therefor or the costs, expenses, or attorney's fees incurred thereby."

Defendant's answer contains further recitals to the end that she, through her attorneys, advised the attorney for plaintiff that it would be unnecessary for him to file a call in warranty, and that besides, this could not legally be done; that a request by letter to Rouprich and Mrs. Mills and the Jefferson Railway Company, requesting them to defend the damage suit would be sufficient to bring them into Court, and any judgment rendered against the defendant would be paid by them. This communication was by letter of date December 9, 1903, about nine months after the institution of the damage suit. against the Algiers and

Gretna Railway Company. This letter also stated that if the defendant in the damage suit desired to employ counsel to assist in defending the suit, it might do so, provided, it paid its own counsel.

On March 12 and 21, 1905, says the defendant, plaintiff notified Rouprich and herself that the case was set for trial on the last named date, writing as follows:

"I give you this notice so that you may defend the suit in accordance with your letters and the contract between the parties. I will, of course, render assistance' in the case." ·

Defendant avers that the services of plaintiff's counsel were without her consent and against her desire, and were without advantage or benefit to her.

Judgment was rendered below in favor of plaintiff for $745.05, from which judgment the defendant has appealed, plaintiff joining in the appeal asking that it be increased to the amount sued for, to-wit: $1,745.05. The statement of the proceedings which we make of the case seems sufficient for the purpose of this opinion, since we deem it incumbent upon us not, as suggested by counsel, to measure or weigh the services of counsel on either side during the progress of the litigation giving rise to the present suit, but to interpret the contract of lease, and place upon it that construction which its plain letter suggests, and which the parties themselves appear to have given it.

En passant, however, it may not be amiss to say that was the decision to be predicated on the value of the services rendered by respective counsel in the matter of George Muntz vs. The Algiers & Gretna Railway Company, we would have no hesitancy in saying that the most valuable and effective services were given by counsel for the defendant herein.

The record satisfies us that counsel for Mrs. Mills, following her instructions, was willing and ready, and did render every service required to encompass the favorable result in the suit of Muntz vs. Algiers & Gretna Railway Co.

There was some serious difference between counsel as to the mode of procedure, all preliminary proceedings barring the exception to the jurisdiction of the Civil District Court as to the Jefferson Railway Company, the maintenance of which caused suit to be filed in Jefferson Parish, where it was soon tried on its merits, and a verdict in favor of defendant rendered.

Thereafter, the Algiers & Gretna Railway Company filed a

call in warranty to make this defendant and other parties to suit against the Algiers & Gretna Railway Company, still pending in the Civil District Court, Division "A."

As we have noted, plaintiff in the damage suit insisted upon employing an attorney of its selection, up until the time the case was set for trial on the merits, about which time counsel for plaintiff put upon the contract the interpretation for which the defendant has always contended, i. e., "that defendant should defend all suits that may be brought against said railroad or by the condition of said track, and to pay all legal expenses, including attorney's fees, etc."

Our conclusion as to the interpretation placed upon the contract by plaintiff, is derived from a letter addressed to the defendant on Jan. 20, 1904, to this effect:

New Orleans, Jan'y. 20th, 1904.

Mrs. Ella Mills, Sec., No. 715 Pelican Ave.,

Algiers, La.

Dear Madam:

"In accordance with the request of Mr. Alfred Billings made in the letter of December 5th, 1903, I beg to advise you that the suit No. 67124 of the Civil District Court for the Parish of Orleans, entitled George Muntz vs. Algiers & Gretna Railway Co. et al., has been decided adversely to the Company by the Supreme Court on the question of the exception and that the case will shortly be fixed for trial upon its merits in the Civil District Court.

"I say this, because the rehearing asked for by the Algiers & Gretna Railway Co., has been denied and the necessary consequence is, that the Algiers & Gretna Railway Co. will have to plead to the merits. I, therefore, request you to defend the suit in accordance with your legal duty as assumed in the lease by which Anthony Rouprich acquired possession of the Road and in the sub-lease or transfer by which the Jefferson Railway Co. assumed control.

"Kindly instruct your attorney to take all necessary steps to defend the suit. I will be pleased to confer with him and render all assistance that may be necessary. Of course, it will be my duty to call you in warranty in a formal manner, unless you instruct your attorney to accept service of the call in war-

ranty and make an appearance for you and thus save trouble and expense.

Yours very truly,

(Signed)    F. E. RAINOLD."

This letter was followed by several others by the attorney of the Algiers and Gretna R. R. Co. addressed to Mrs. Mills and Rouprich to the same effect. Counsel for Mrs. Mills virtually took entire charge of the case when tried on its merits, and brought it to a favorable termination.

The anxiety of the defendant to have the suit of Muntz vs. Algiers & Gretna Railway Company, defended by counsel of her own selection, is explained by the fact that in any event, if the said Railway Company had been cast in the suit, she would have to pay such damages as might be awarded.

There is no charge by plaintiff touching the competency of defendant to pay any judgment that might be rendered against her.    Defendant was bound to pay all charges under the plain terms of a contract which she has never sought to deny or weaken.

We have no doubt that the services rendered by counsel for the defendant in suit of Muntz vs. Railroad, were not only given in absolute good faith, but were marked by intelligence and resourcefulness, but in the last analysis we cannot but conclude that the conditions of the contract of lease which charged the defendant with the defense of all suits against the Railroad and the payment of all. damages, clearly intended she should have the selection of her legal adviser.

We think our learned brother of the District Court erred in awarding an amount beyond the Court costs, and we will amend the judgment appealed from by reducing the amount so as to cover the item of such costs and no other.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be, and it is hereby amended by reducing the sum from $745.05 to $245.05, and as so amended it is affirmed, plaintiff to pay the costs of appeal, and defendant those of the lower Court.    Amended.

April 6, 1908.

Rehearing refused June 8, 1908.

Writ denied by Supreme Court Aug. 18, 1908.